

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

December 4, 2006

**VIA CM/ECF**

The Honorable Kent A. Jordan
District Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      RE:    <u>United States v. Joseph Rychalsky, Jr. - 06-113-KAJ</u>

Dear Judge Jordan:

      I am pleased to report that the parties have been able to achieve a pre-trial resolution of this matter. In anticipation of the Rule 11 hearing before your Honor, scheduled for December 7, 2006 at 3:30 p.m., enclosed please find the proposed Memorandum of Plea Agreement between the government and the defendant.

      Pursuant to this agreement, Mr. Rychalsky will plead guilty to the one count Indictment in this case, charging him with bankruptcy fraud in violation of 18 U.S.C. Section 152(3). The maximum penalties for the bankruptcy fraud charged in the Indictment are five (5) years imprisonment, a $250,000 fine, three (3) years supervised release, restitution, and a $100 special assessment.

      Please contact me should your Honor have any questions.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                         BY:
                                        Shannon Thee Hanson
                                        Assistant United States Attorney

Enclosure

cc:    Anthony A. Figliola, Jr., Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br>　v.<br><br>JOSEPH RYCHALSKY, Jr.<br><br>　　　　Defendant. | :<br>:<br>:<br>:  Cr. A. No. 06-113-KAJ<br>:<br>:<br>:<br>: |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Joseph Rychalsky, Jr., by and through his attorney, Anthony Figliola, Jr., Esq., the following agreement is hereby entered into by the respective parties:

　　1.　The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment against him in the above-captioned case. Count One charges the defendant with bankruptcy fraud, in violation of 18 U.S.C. Sec. 152(3). Count One carries a maximum sentence of five (5) years imprisonment, a $250,000 fine, three (3) years supervised release, restitution, and a $100 special assessment per count.

　　2.　The defendant agrees to pay the $100.00 special assessment on or before the day of sentencing.

　　3.　The defendant understands that the following are the elements of the bankruptcy fraud offense to which he is pleading guilty and which the government would have to prove were this matter to go to trial:

    (1) The charged bankruptcy, *In re Joseph Rychalsky, Jr.*, Case No. 03-12439 (PJW), was in existence on September 3, 2003;

    (2) The defendant made a false statement under penalty of perjury, to wit, during the scheduled meeting of creditors pursuant to 11 U.S.C. Section 341(a), the following question was posed of the defendant and he gave the following false answer:

> Q: Do you have a claim against anyone for an injury like involving in a car accident or anything like that?
>
> Defendant's Answer: No.

    (3) The statement was as to a material fact; and

    (4) The statement was knowingly and fraudulently made.

4.    The parties stipulate and agree that, based on information known to date, the defendant's base offense level is 6, pursuant to U.S.S.G. Section 2B1.1(a)(2) of the November 1, 2006 U.S. Sentencing Guidelines Manual.

5.    The parties further stipulate and agree that the defendant's offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, resulting in a four level increase pursuant to Section 2B1.1(b)(8). Based on information known to date, there are no other Chapter 2 enhancements to the defendant's sentence. Accordingly, the government's understanding is that the defendant's total offense level is 10.

6.    Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. Section 3E1.1(a).

7.  The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the sentencing guidelines.

8.  The parties recognize that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the Guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney.

9.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend any ruling of the Court at any subsequent proceedings, including any appeal.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever.

                                                    COLM F. CONNOLLY
                                                    United States Attorney

_____    By:_____
Anthony A. Figliola, Jr., Esquire                Shannon Thee Hanson
Attorney for Defendant                            Assistant United States Attorney


_____
Joseph Rychalsky, Jr.
Defendant

Dated: _____, 2006

                                    \* \* \* \* \* \* \*

**AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                    _____
                                    HONORABLE KENT A. JORDAN
                                    United States District Judge
                                    District of Delaware